PETER S. DICKINSON (SBN 139495)
pdickinson@bushgottlieb.com
KIRK M. PRESTEGARD (SBN 291942)
kprestegard@bushgottlieb.com
ADRIAN R. BUTLER (SBN 332191)
abutler@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for Plaintiffs TRUSTEES OF
THE SCREEN ACTORS GUILD-
PRODUCERS PENSION PLAN and
TRUSTEES OF THE SAG-AFTRA
HEALTH PLAN

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN and TRUSTEES OF THE SAG-AFTRA HEALTH PLAN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>RUDY C. JONES individually and doing business as RUDY C. JONES PRODUCTIONS, and DOES 1 through 10,<br><br>　　　　Defendant. | CASE NO.  **2:26-cv-05194**<br><br>**COMPLAINT TO COMPEL AUDIT ENTRY AND FOR UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND BREACH OF COLLECTIVE BARGAINING AGREEMENTS**<br><br>**(29 U.S.C. § 185; 29 U.S.C. §§ 1132 and 1145)** |

Plaintiffs Trustees of the SAG-Producers Pension Plan and Trustees of the SAG-AFTRA Health Plan (collectively, the "Trustees") allege as follows:

## JURISDICTION AND VENUE

1.　This action by the Trustees of the SAG-Producers Pension Plan and Trustees of the SAG-AFTRA Health Plan (collectively, the "Plans") is based on the

4921-0772-6235v1  11637-33025

failure and refusal of Defendant Rudy C. Jones doing business as Rudy C. Jones Productions ("Rudy C. Jones") and DOES 1 through 10, inclusive, to honor his obligations to the Plans, as required by the terms of certain collective bargaining agreements and the trust agreements governing the Plans, and pursuant to § 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331; ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); and LMRA § 301(c), 29 U.S.C. § 185(c).

3.     Venue is based on the location of the office in which the Plans are administered, located in the Central District of California.  As such, venue is appropriate pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4.     The Plans are "employee benefit plans" within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), in that they were created pursuant to written declarations of trust ("Trust Agreements") between SAG-AFTRA and motion picture, television, and advertising producer employers and are maintained for the purpose of providing their participants and beneficiaries with medical, surgical and hospital benefits in the event of sickness, accident, disability or death, and retirement benefits.  The Plans were created and now exist pursuant to LMRA § 302(c), 29 U.S.C. § 186(c).

5.     The Plans are "multiemployer plans" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), in that more than one employer is required to contribute to the Plans and the Plans are maintained pursuant to collective bargaining agreements between SAG-AFTRA and motion picture, television, and advertising producers.

6.     Under the Trust Agreements, the Trustees have control and authority

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4921-0772-6235v1  11637-33025

COMPLAINT

over the Plans, including the authority to file actions such as the present case to protect the Plans' trust assets.

7.     At all times relevant herein, SAG-AFTRA is and was a labor organization representing employees in the motion picture, television, and advertising business, which is an industry affecting commerce within the meaning of LMRA § 501(1), 29 U.S.C. § 142(1).

8.     At all times relevant herein, Rudy C. Jones is and was an individual transacting business in the State of California, and is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and LMRA § 501(3), 29 U.S.C. § 142(3).  As such, Rudy C. Jones is also an "employer" as that term is used in LMRA § 301, 29 U.S.C. § 185.

9.     The Trustees are currently unaware of the true names and capacities of defendants sued herein by fictitious names, DOES 1 through 10, inclusive, and therefore sue those defendants by fictitious names.  The Trustees shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained.

## COMMON ALLEGATIONS

10.     At all times relevant herein, Rudy C. Jones has been signatory to, and is bound by, the terms and conditions of the SAG Commercials Contract (the "CBA"). By agreeing to the CBA, Rudy C. Jones has agreed to accept and be bound by the terms and conditions of the Trust Agreements and is obligated to comply with the terms and provisions of the CBA and Trust Agreements (collectively, the "Agreements").

11.     Under ERISA § 515, 29 U.S.C. § 1145, employers such as Rudy C. Jones that are obligated to contribute to a multiemployer plan pursuant to one or more collectively bargained agreements are required to make such contributions in accordance with the terms and conditions of such plan or agreements.

12.     At all times relevant herein, Rudy C. Jones, as a signatory to the CBA,

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4921-0772-6235v1  11637-33025

3

was obligated to pay contributions to the Plans in the manner and under the terms set forth therein.

13.     Further, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes the Trustees to enforce the requirements set forth in ERISA § 515 against Rudy C. Jones.

14.     At all times relevant herein, Rudy C. Jones engaged performers to provide covered services on commercial projects covered by the CBA ("Covered Projects").

15.     Pursuant to the terms of the Agreements, Rudy C. Jones is under an obligation to make certain contributions to the Plans for the performers, based on a percentage of all gross compensation paid for services covered by the CBA ("Contributions"), and to make reports and statements to the Trustees with respect to the amount and calculation of Contributions.

16.     Pursuant to the terms of the Trust Agreements, the Plans have the authority to conduct audits of the records of signatory employers for the purpose of determining the accuracy of contributions to the Plans.  Audits may include but are not limited to contractual agreements, payroll books and ledgers, and any other books or records that the Plans deem necessary in connection with the proper administration of the Plans.

17.     In addition, the Trust Agreements authorize the Trustees to take any action they deem advisable or necessary to enforce payment of Contributions due under the Agreements or to compel an audit or inspection of the employer records and that if litigation is required, the employer involved shall pay all attorneys' fees, the costs of the audit, interest, and court costs incurred, whether or not any delinquency is discovered.

18.     By the Agreements, Rudy C. Jones agreed that, in the event he failed to pay Contributions when due, he would be considered delinquent and would pay the Plans liquidated damages in the amount of 10 percent of the total amount then due

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

for Contributions over 30 days delinquent, and 20 percent of the total amount then due for Contributions over 60 days delinquent.

19.    Under ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), and the CBA, Rudy C. Jones is liable to the Plans for interest at the rate established by federal law on all unpaid contributions from the dates the sums were originally due through to the date of judgment.  The amount of interest due will be established by proof at trial.

20.    By signing the Agreements, Rudy C. Jones agreed that in the event of any delinquency, he would pay legal and audit costs in connection therewith, whether incurred before or after litigation is commenced.  Pursuant to the Agreements and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Plans are entitled to their reasonable attorneys' fees and audit fees in connection herewith. These amounts will be established by proof at trial.

21.    At all times relevant herein, Rudy C. Jones has been under an affirmative duty, pursuant to the terms of the CBA and the Trust Agreements, to provide the Trustees with information so that they may determine whether contributions were properly made.  Rudy C. Jones has also been under an affirmative duty to pay to the Plans the correct amount of fringe benefit contributions.  The Trustees reposed trust and confidence in Rudy C. Jones and relied on Rudy C. Jones to accurately report and pay the correct amount of contributions to the Plans so as to toll any applicable statute of limitations.

### FIRST CAUSE OF ACTION

### (Failure to Comply With Audit Obligations)

22.    The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

23.    The Trustees maintain an audit program for the purpose of monitoring and enforcing compliance with the CBA and Trust Agreements, including the obligation to timely and accurately pay contributions to the Plans.

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4921-0772-6235v1  11637-33025

24.     At all times relevant herein, pursuant to the terms of the Agreements, Rudy C. Jones has been under an affirmative duty to cooperate with the audit process and to provide the Plans with information, such as contractual agreements, books, and records pertaining to the Covered Projects during the period of time under audit, so that they can determine whether Contributions, and other contribution obligations, have been paid properly and in the correct amounts.

25.     On or about April 25, 2023, the Plans announced a payroll compliance review of Rudy C. Jones ("Audit") for the period from January 1, 2020 through December 21, 2022 (the "Audit Period").

26.     The Plans sent numerous demands to Rudy C. Jones requesting access to records the Plans must have to ensure compliance with the administration of the Plans.

27.     For several months, Rudy C. Jones failed to provide any of the necessary documents in response to numerous requests for records made by the Plans.

28.     To date, Rudy C. Jones has failed and/or refused to provide the Plans or their agents with many of the books and records they are entitled to review under the Agreements.  Without these records, the Trustees cannot complete the audit and determine the total amount of Contributions owed to the Plans with respect to the Covered Projects or whether Rudy C. Jones has complied with his obligations to make appropriate Contributions to the Plans under the terms and conditions of the Agreements. The records Rudy C. Jones has produced indicate that Rudy C. Jones has paid Contributions late and in insufficient amounts, contrary to his obligations under the Agreements.

29.      By executing the Agreements, Rudy C. Jones agreed that in the event of a failure to make necessary records available for an audit, he would be liable for expenses associated with enforcement, including but not limited to reasonable audit fees, and attorneys' fees, in addition to unpaid contributions, liquidated damages,

4921-0772-6235v1  11637-33025

6

COMPLAINT

interest, and legal costs, whether or not the audit ultimately identified any delinquent or unpaid contributions.

30.    The Trustees are informed and believe, and on that basis allege, that liquidated damages, interest, legal fees and audit costs are due, in addition to any unpaid or underpaid Contributions, in amounts to be established by proof at trial.

### SECOND CAUSE OF ACTION

### (Violation of ERISA § 515, 29 U.S.C. § 1145 – Unpaid Contributions)

31.    The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 30 as though fully set forth herein.

32.    Pursuant to the Agreements, Rudy C. Jones is responsible for complying with all terms and conditions of the Agreements, including but not limited to the payment of Contributions for performers performing work covered by the CBA.

33.    The Trustees are informed and believe, and thereon allege, Rudy C. Jones has not paid or has underpaid Contributions due and owing in connection with the Covered Projects.

34.    Pursuant to ERISA § 502(g)(2), and 515, 29 U.S.C. §1132(g)(2) and 1145, the Trustees are entitled to all unpaid contributions and interest thereon, an additional amount equivalent to statutory interest *or* liquidated damages at 20 percent of the unpaid contributions (whichever is greater), reasonable attorneys' fees, the cost of this action, and such other legal and equitable relief as the Court deems appropriate.

35.    Pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), and the Agreements, Rudy C. Jones agreed to be and is liable to the Trustees for attorneys' fees and legal costs incurred in connection with collection of unpaid and/or underpaid Contributions.  The amount of such attorneys' fees and legal costs will be established by proof at trial.

36.    At all times relevant herein, pursuant to the terms the Agreements,

Rudy C. Jones was under an affirmative duty to pay the Plans the correct amount of Contributions and to provide the Plans and their agents with information so that they may determine whether Contributions have been properly paid.  Based on the limited records the Trustees have been able to review, the Trustees are informed and believe, and on that basis allege, Rudy C. Jones failed to accurately report this information and to pay the proper Contributions to the Plans, in an amount to be proved at trial, but not less than $461,139.25.

## THIRD CAUSE OF ACTION

### (Violation of LMRA § 301(a), 29 U.S.C. § 185 – Breach of Collective Bargaining Agreements)

37.    The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 36 as though fully set forth herein.

38.    At all times relevant herein, Rudy C. Jones was under an affirmative duty pursuant to the terms of the Agreements to provide the Trustees, their agents, and the Plans with information so that they may determine whether Contributions paid by Rudy C. Jones were proper.

39.    Rudy C. Jones breached the CBA by failing to allow an audit of his books and records to be completed, as required under the terms and conditions set forth therein.

40.    Rudy C. Jones breached the CBA by failing to pay or by making insufficient payments of Contributions with respect to the Covered Projects, as required under the terms and conditions set forth therein.

41.    As a result of Rudy C. Jones' breach of the CBA, the Trustees have suffered damages in an amount to be established by proof at trial, but not less than $461,139.25 including but not limited to unpaid and/or underpaid Contributions, liquidated damages, interest, attorneys' fees, legal costs, and audit costs.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustees pray for judgment against Defendant Rudy C. Jones individually and doing business as Rudy C. Productions and Does 1-10 as follows:

1. For an order directing Rudy C. Jones to provide the Plans and their agents with all books and records necessary to complete the Audit;

2. for unpaid Contributions in an amount to be established by proof at trial;

3. for audit costs in an amount to be established by proof at trial;

4. for liquidated damages in an amount to be established by proof at trial;

5. for interest in an amount to be established by proof at trial;

6. for reasonable attorney's fees and other costs of this action incurred by the Trustees, in amounts to be established by proof at trial; and

7. for such additional relief as this Court deems just and proper.

DATED: May 14, 2026

PETER S. DICKINSON
KIRK M. PRESTEGARD
ADRIAN R. BUTLER
BUSH GOTTLIEB, A Law Corporation

By: _____
    ADRIAN R. BUTLER
Attorneys for TRUSTEES OF THE SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN and TRUSTEES OF THE SAG-AFTRA HEALTH PLAN

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4921-0772-6235v1  11637-33025